UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-143 (RHK/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| John Jacob Williams, | |
| Defendant. | |

Andrew R. Winter, Assistant United States Attorney, for the Government.
John S. Hughes, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 1, 2007, on Defendant's Motion to Dismiss for Speedy Trial Violations [## 74, 75]. At the hearing, the Court received testimony from Attorney Robert M. Paule and Investigator Jerry L. Larson. The Government submitted nine exhibits relating to the Defendant's transportation to Illinois, cooperation with authorities in Illinois, and plea negotiations. The Court ordered and received additional briefing from both parties on May 4, 2007. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's Motion be denied.

**I.      FINDINGS OF FACT**

On March 9, 2006, Defendant was taken into custody and charged by complaint [#1]. On March 10, 2006, Defendant made his initial appearance, the Government moved for detention, and a Detention and Preliminary Hearing was set for March 14, 2006 [#2]. On March 14, 2006, the Detention and Preliminary Hearing was held [#4] and the Defendant was ordered detained and the Government was ordered to submit a proposed order. On March 27, 2006, an order of detention [#7]

was signed.

On March 29, 2006, a Joint Motion for Preindictment Delay Pursuant to 18 U.S.C. § 3161(H)(2) [#8] was filed.  The Defendant's attorney at the time, Robert Paule, testified that he agreed to the motion for preindictment delay with the consent of the Defendant.   On March 30, 2006, Magistrate Judge Susan Richard Nelson issued an Order [#9] granting preindictment delay, which read:

> Upon the motion of the United States and with the concurrence of the defendant and his counsel in the above-entitled matter, the time period for indictment se by Section 3161(b) of Title 18, United States Code, the Speedy Trial Act, is hereby enlarged. Counsel shall notify the Court when the period of delay is granted, pursuant to 3161(h)(2), has reached its practical conclusion.  It is ordered that the 30 day period of time in Section (b) is tolled until an indictment is returned or for 30 days, whichever occurs first.  It is further ordered that the filing letter, motion, and order herein be sealed until further order of the Court.

On May 9, 2006, an indictment [#11] was returned as to the Defendant.

On May 17, 2006, an arraignment was held [#13] and a motion hearing set for June 7, 2006. The Defendant filed his pre-trial motions [##15-25] on May 31, 2006.  On June 6, 2006, the Defendant's counsel wrote a letter [#26] to the undersigned, which read: "The above referenced matter is currently scheduled for a motion hearing on June 7, 2006, before Magistrate Judge Noel. At this time I am asking that the hearing be stricken because I will be scheduling a change of plea hearing before Judge Kyle."  On July 11, 2006, a change of plea hearing was set for July 27, 2006 [#27], but the hearing never occurred, nor were any plea agreements submitted to the Court for its review.

On July 14, 2006, the Defendant filed a Pro Se Motion to Dismiss Indictment/Complaint Based on Failure to Timely Indict [#29].  No hearing was scheduled and the Defendant's pro se motion was not withdrawn until March 7, 2007 [#64].  Numerous events transpired between

Defendant's filing of his pro se motion and the withdrawal of that motion, however these events are not material to the determination of the current motion.

On March 8, 2006, the undersigned issued a Report and Recommendation [#65] on a motion to suppress [#53] brought by the Defendant at a pre-trial hearing on February 15, 2007 [#57]. On March 27, 2007, the Defendant filed objections to the Report and Recommendation [##70, 71] and the Government filed a response on April 2, 2007 [#72]. On April 9, 2007, the District Court issued an Order adopting the Report and Recommendation and denying the Defendant's motion to suppress [#73].

On April 13, 2007, the Defendant filed the current Motion to Dismiss on Speedy Trial [#74]. The current motion was amended on April 26, 2007 [#75]. A motion hearing was held on May 1, 2007 [#79]. Additional briefing was submitted by both parties on May 4, 2007 [##80-82]. The Defendant's motion alleges a failure to timely indict the Defendant under the Speedy Trial Act, 18 U.S.C. § 3161(b), and a failure to bring the Defendant to trial within the seventy day time period under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

## II.   CONCLUSIONS OF LAW

### A.   Indictment of the Defendant Was Timely Under Section 3161(b).

Section 3161(b) requires the filing of an indictment "within thirty days from the date on which such individual was arrested." 18 U.S.C. § 3161(b). The thirty day period for indictment does not include any days during which a motion for detention is pending. See United States v. Moses, 15 F.3d 774, 776-77 (8th Cir. 1994). Section 3161(h)(2) allows for the thirty day period to be extended while "prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the

defendant to demonstrate his good conduct." 18 U.S.C. § 3161(h)(2).

Defendant was arrested on March 9, 2006, and made his initial appearance on the next day. At his initial appearance, the Government moved for detention and a Detention hearing was held on March 14, 2006. The motion for detention was granted at the hearing. The day of Defendant's arrest does not count toward the thirty day period and March 10-14 does not count under Moses because the Government's motion for detention was pending. The thirty day period began on March 15, 2006, therefore the indictment was due on April 13, 2006.

The Government argues that the March 30, 2006, Order [#9] extended the period for indictment for another thirty days until May 14, 2006.[1] The Defendant argues that the extension was not valid because under section 3161(h)(2) a "written agreement with the Defendant" requires the signature of the Defendant and the joint motion for preindictment delay [#8] only bears the signature of the Government attorney. The Defendant further argues that even if the extension is valid it only allows for thirty days from the date of the Order, or until April 29, 2006.

The March 30, 2006, Order [#9] did extend the period for indictment until May 13, 2006. The requirement for a written agreement with the Defendant is satisfied by the joint motion for preindictment delay [#8]. Section 3161(h)(2) only requires that the agreement between the Government and the Defendant be reduced to writing, not that the Defendant sign the writing. The evidence presented shows that the Joint Motion for Preindictment Delay [#8] does indeed represent the agreement made between the Government and the Defendant, through his attorney. The March 30, 2006, Order [#9] provides for a tolling of the period for thirty days, which stopped the thirty day count on March 30, 2006, and the count was not restarted until April 29, 2006. The thirty days

---

[1] By the Court's count, March 15, 2006, to May 14, 2006, yields 61 days.

4

expired on May 13, 2006. Since the indictment was returned on May 9, 2006, the indictment of the Defendant was timely and Defendant's motion to dismiss for a failure to timely indict must be denied.

**B.     The Seventy Day Period to Bring the Defendant to Trial Has Not Expired.**

Section 3161(c)(1) requires that trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Section 3161(h) provides for a series of time periods that are excluded from computation of the seventy days. 18 U.S.C. § 3161(h). Section (h)(1)(F) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161 (h)(1)(F).

The seventy day count begins on the day following the indictment because the indictment on May 9, 2006, came after his first appearance on March 10, 2006. See 18 U.S.C. § 3161(c)(1). The Defendant was indicted on May 9, 2006, therefore May 10, 2006, was the first day that counted toward the seventy period. The days continued to count toward the seventy until the Defendant filed pre-trial motions on May 31, 2006. From May 10, 2006, until May 30, 2006, 21 days elapsed from the seventy, leaving 49 days to bring the Defendant to trial.

The Defendant's letter on June 6, 2006, served to withdraw his pre-trial motions from consideration. The period from May 31, 2006, until June 6, 2006, is excluded from the seventy day count under Section 3161(h)(1)(F), but on June 7, 2006, the days began to count toward the seventy day period. The days continued to count until the Defendant filed a Pro Se Motion to Dismiss Indictment/Complaint Based on Failure to Timely Indict [#29] on July 14, 2006. From June 7, 2006,

until July 13, 2006, 37 days elapsed from the 49 days remaining, leaving 12 days to bring the Defendant to trial.

The Defendant's pro se motion was pending until it was withdrawn on March 7, 2007. The entire period from July 14, 2006, to March 7, 2007, is excluded under Section 3161(h)(1)(F).

On March 8, 2007, a Report and Recommendation [#65] was issued on motions filed by the Defendant while his pro se motion was still pending. "The issuance of the report and recommendation [begins] a new excludable period under section 3161(h)(1)(F)." United States v. Long, 900 F.2d at 1270, 1275 (8th Cir. 1990). This new period runs until objections to the report and recommendation have been filed. Id. The day after the objections are filed begins the District Court's thirty day advisement period under section 3161(h)(1)(J). Id. The period from March 8, 2007, until March 27, 2007, when the Defendant filed his objection to the report and recommendation, is excluded from the seventy day period. The District Court's Order [#79] on April 9, 2007, was within the thirty day advisement period that began on March 28, 2007.

On April 10, 2007, the days began to count toward the seventy day period again. The days counted until the Defendant filed the current motion on April 13, 2007. From April 10, 2007, until April 12, 2007, 3 days elapsed from the 12 days remaining, leaving 9 days to bring the Defendant to trial.

"When a pretrial motion requires a hearing, the excludable period runs from the filing of the motions to the date of the hearing, or until the date when the parties have submitted any additional materials request by the Court." Id. at 1274. At the hearing on May 1, 2007, the parties were asked to submit additionally briefing by May 4, 2007. Therefore April 13, 2007, to May 4, 2007, is excluded from the seventy day period under Section 3161(h)(1)(F). On May 5, 2007, the thirty day

6

advisement under section 3161(h)(1)(J) period began and it ran through June 3, 2007, therefore, May 5, 2007, through June 3, 2007 is excluded from the seventy day period.  As of the date of this report and recommendation, 9 days remain on to bring the Defendant to trial.  Since only 61 days have expired from the seventy day period, the motion to dismiss for failure to bring the Defendant to trial within the seventy day period must be denied.

## III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss for Speedy Trial Violations [## 74, 75] be **DENIED**.


DATED: June 4, 2007                                s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 21, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 21, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.