UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| United States of America, | Criminal No. 06-143 (1) (RHK/FLN) |
| | Civil No. 10-3980 (RHK) |
| Plaintiff, | **ORDER** |
| v. | |
| John Jacob Williams, | |
| Defendant. | |

_____

Before the Court is the Motion under 28 U.S.C. § 2255 asserting various claims of ineffective assistance of counsel.

By way of background, Defendant was charged with, and convicted by a jury of, conspiracy to distribute cocaine and crack, possession with intent to distribute cocaine and crack, and possession of a firearm in furtherance of a drug trafficking crime.  He was sentenced to 300 months in prison; the conviction and sentence were affirmed on appeal.

He first asserts a violation of his right to a speedy trial; that issue, however, was raised before the Eighth Circuit, which found no error in this Court's denial of a Motion to Dismiss under the Speedy Trial Act.  Accordingly, it is procedurally barred.  Also procedurally barred are the claims of racial profiling and violation of Defendant's Miranda rights.  They were not raised on his direct appeal and there is no evidence of his actual innocence which might allow those issues to be raised here.

His remaining grounds are claims of ineffective assistance of counsel. To prevail on these grounds, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness and that there exists "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different." He has failed to make such a showing here.

It should be noted that his claims of ineffective assistance address his counsels' representation of him at his change of plea, at his jury trial, and his appeal to the Eighth Circuit. At each of these stages, he was represented by a different lawyer. His claims are lacking any factual support and represent, in this Court's view, dissatisfaction with the jury verdict and an unstated assertion that the lawyer must not have been effective. This Court presided over the jury trial and the "sentencing hearing." Defendant's assertions are either unsupported by the record before the Court or at odds with this Court's evaluation of the thoroughness and professionalism of his counsel. The Court was not involved in the appeal, but is familiar with the professional reputation of his appellate counsel and finds nothing in the present Motion to support a claim of ineffective assistance.

The Court determines that an evidentiary hearing is not required on the record now before it and the Motion should be denied. Accordingly, upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. The Application to Proceed In Forma Pauperis (Doc. No. 145) is **DENIED**;

2. The Motion for Appointment of Counsel (Doc. No. 150) is **DENIED**;

3. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence

by a Person in Federal Custody (Doc. No. 144) is **DENIED;** and

    4.   The Court **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 28, 2011

                                              s/Richard H. Kyle  
                                              RICHARD H. KYLE  
                                              United States District Judge