UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,            Case No. 06-cr-0143 (WMW/FLN)

                 Plaintiff,

                                                           **ORDER**

v.

John Jacob Williams,

                 Defendant.

---

       A jury convicted Defendant John Jacob Williams in July 2007 of three offenses: (1) possessing with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); (2) conspiring to distribute more than 5 kilograms of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (3) possessing a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). The Court sentenced Williams to 300 months' imprisonment. Williams's convictions were affirmed on direct appeal, *United States v. Williams*, 557 F.3d 943 (8th Cir. 2009), and his multiple postconviction habeas motions have been denied by this Court and the United States Court of Appeals for the Eighth Circuit, *see Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam).

       Before the Court is Williams's April 18, 2019 *pro se* letter seeking a reduction of his sentence, a modification to the presentence investigation report, and access to certain transcripts. Plaintiff United States of America opposes Williams's requests.

In his letter, Williams argues that he is serving an illegal sentence because he was not given the identities of his co-conspirators. He also seeks a modification to his presentence investigation report. The Court construes these aspects of Williams's letter as a successive habeas motion under 28 U.S.C. § 2255. A successive habeas motion under Section 2255 "must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The record does not reflect that Williams has received authorization from the Eighth Circuit to file a successive habeas motion under Section 2255. Accordingly, these aspects of Williams's letter are denied.

Williams also contends that his sentence should be reduced pursuant to Section 404 of the First Step Act (FSA). *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). According to Williams, a reduction to his sentence is warranted under the FSA because the statutory penalties for Count 1, his crack cocaine conviction, have been reduced.

A district court may modify a term of imprisonment once it has been imposed only to the extent "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Under Section 404(b) of the FSA,

> [a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

21 U.S.C. § 841 note (Application of Fair Sentencing Act); Pub. L. No. 115-391, § 404(b), 132 Stat. 5194. The Fair Sentencing Act of 2010 increased the quantity of cocaine necessary to trigger the statutory minimum that applied to Williams's conviction

of Count 1, 21 U.S.C. § 841(b)(1)(A)(iii), which is a "covered offense" under the FSA, *see* 21 U.S.C. § 841 note (Application of Fair Sentencing Act); Pub. L. No. 115-391, § 404(b), 132 Stat. 5194.

The United States concedes that Williams is *eligible* for a sentence reduction as to Count 1, his crack cocaine conviction, because the amount of crack cocaine for which Williams was responsible—255 grams—is now subject to a 10-year statutory minimum term of imprisonment.[1] Approximately two years after Williams's sentence was imposed, Congress enacted the Fair Sentencing Act of 2010, which increased the amount of crack cocaine necessary to trigger certain statutory mandatory minimum sentences. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (amending 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii)); *United States v. Spencer*, No. 07-174(2), 2019 WL 3369792, at *2 (D. Minn. July 26, 2019) (recognizing that the Fair Sentencing Act of 2010 modified statutory penalties for crack cocaine convictions). As such, the Court agrees that Williams is *eligible* for a sentence reduction under the FSA.

The United States argues, however, that a sentencing reduction is not warranted in this case because the FSA affects neither the concurrent 240-month sentence imposed for Count 2, Williams's powder cocaine conviction, nor the consecutive 60-month sentence imposed for Count 3, Williams's firearm conviction. Even when a defendant is eligible

---

[1] This 10-year statutory minimum term of imprisonment applies when, as here, the offense involved more than 28 grams (but less than 280 grams) of cocaine and the defendant has a prior conviction of a serious drug felony or a serious violent felony. When Williams's sentence was imposed in January 2008, the same conviction carried a 20-year statutory minimum term of imprisonment, which is the term of imprisonment that the sentencing court imposed as to Count 1.

3

for a sentencing reduction under Section 404 of the FSA, the decision to grant such a reduction remains within the district court's discretion. 21 U.S.C. § 841 note (Application of Fair Sentencing Act); Pub. L. No. 115-391, § 404(b), 132 Stat. 5194 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

Here, the United States correctly observes that Williams's concurrent 20-year sentence for Count 2, his powder cocaine conviction, is unaffected by the FSA and the Fair Sentencing Act. *See* 21 U.S.C. § 841 note (Application of Fair Sentencing Act); Pub. L. No. 115-391, § 404(a), 132 Stat. 5194; Pub. L. No. 111-220, 124 Stat. 2372; *Spencer*, 2019 WL 3369792, at *2 (recognizing that Fair Sentencing Act did *not* modify statutory penalties for *powder* cocaine convictions). And Williams's consecutive 60-month sentence for Count 3, his firearm offense, also is unaffected by the FSA and the Fair Sentencing Act. *See* 21 U.S.C. § 841 note (Application of Fair Sentencing Act); Pub. L. No. 115-391, § 404(a), 132 Stat. 5194; Pub. L. No. 111-220, 124 Stat. 2372. In his reply brief, Williams concedes that his motion for a sentencing reduction pursuant to the FSA is limited to the sentence imposed for his Count 1 crack cocaine conviction.[2]

A sentence reduction for Count 1 would not materially affect Williams's total length of imprisonment because it would not impact the consecutive sentences imposed

---

[2] According to Williams, the sentences imposed for his Count 2 powder cocaine conviction and his Count 3 firearm conviction should be reduced pursuant to "Rule 35." Federal Rule of Criminal Procedure 35(b)(2) permits a court to consider reducing a prison sentence based on the defendant's substantial assistance "[u]pon the government's motion made more than one year after sentencing." But the United States has not filed a Rule 35(b) motion, and Williams cannot invoke Rule 35(b) on his own behalf.

for Count 2 and Count 3, which total 300 months' imprisonment. Moreover, the concurrent 240-month sentences imposed for Count 1 and Count 2 fall well below the applicable guidelines range for those counts, which is 360 months to life in prison. The Court acknowledges the considerable self-improvement efforts Williams has undertaken while in prison, and such efforts are commendable. But these facts do not warrant a sentencing reduction under the FSA in this case.

Finally, Williams's *pro se* letter seeks access to grand jury and sentencing transcripts. But Williams has not cited any legal authority that would warrant granting such a request, and the Court is not aware of any. For this reason, Williams's request for transcripts is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant John Jacob Williams's April 18, 2019 letter request for a reduction of his sentence, a modification to the presentence investigation report, and access to transcripts, (Dkt. 166), is **DENIED**.


Dated: September 23, 2019                s/Wilhelmina M. Wright
                                         Wilhelmina M. Wright
                                         United States District Judge