UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 06-cr-0143 (WMW/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| John Jacob Williams, | |
| Defendant. | |

A jury convicted Defendant John Jacob Williams in July 2007 of three offenses: (1) possessing with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii); (2) conspiring to distribute more than 5 kilograms of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (3) possessing a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). The Court sentenced Williams to 300 months' imprisonment. Williams's convictions were affirmed on direct appeal, *United States v. Williams*, 557 F.3d 943 (8th Cir. 2009), and his multiple postconviction habeas motions have been denied by this Court and the United States Court of Appeals for the Eighth Circuit, *see Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam).

Before the Court is Williams's December 2, 2019 *pro se* motion seeking a reduction of his sentence under the First Step Act (FSA). *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court denied Williams's previous request

for a reduced sentence under the FSA in a September 23, 2019 order. In doing so, the Court concluded that, although Williams is *eligible* for a sentencing reduction as to his conviction of Count 1, the facts of Williams's case do not warrant such relief. In particular, the Court observed that Williams's total sentence of 300 months' imprisonment is "well below the applicable guidelines range" and a "sentence reduction for Count 1 would not materially affect Williams's total length of imprisonment because it would not impact the consecutive sentences imposed for Count 2 and Count 3, which total 300 months' imprisonment."

In his pending motion, Williams relies on a provision of the FSA that he did not rely on in his prior request—namely, the "compassionate release" provision, which permits a district court to reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A).

Congress has not defined "extraordinary and compelling" reasons in the context of the FSA other than providing that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But Congress has directed the United States Sentencing Commission (Commission) to promulgate "the

criteria to be applied and a list of specific examples" of "what should be considered extraordinary and compelling reasons for sentence reduction." *Id.*

Before the passage of the FSA, the Commission established four categories of circumstances in which "extraordinary and compelling reasons exist." *U.S. Sentencing Guidelines Manual (USSG)* § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018). The first category is the defendant's medical condition when the defendant suffers from a terminal illness, a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, and that medical condition is one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* cmt. n.1(A). The second category pertains to the defendant's age when the defendant is at least 65 years old, is experiencing serious deterioration in physical or mental health as a result of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment. *Id.* cmt. n.1(B). The third category is the defendant's family circumstances when the caregiver of the defendant's minor child dies or is incapacitated or the defendant is the only available caregiver for the defendant's incapacitated spouse or registered partner. *Id.* cmt. n.1(C). And the fourth category includes any other reason that the Director of the Bureau of Prisons determines to be extraordinary and compelling. *Id.* cmt. n.1(D).

These categories have not been updated since the FSA was enacted in 2018. Some district courts have concluded that, because the Commission has not updated its guidance as to "extraordinary and compelling reasons" since Congress enacted the FSA, district

courts have discretion to consider reasons beyond those enumerated in the Sentencing Guidelines. *See United States v. Brown*, No. 4:05-CR-00227-1, 2019 WL 4942051, at *2 (S.D. Iowa Oct. 8, 2019) (collecting cases). Other district courts have concluded that the categories of circumstances are limited to the specific "extraordinary and compelling reasons" articulated in the Sentencing Guidelines. *Id.* at *3.

Here, the Court need not decide whether the Sentencing Guidelines limit the Court's discretion as to "extraordinary and compelling reasons," because Williams has not established that a sentence reduction is warranted. Williams presents no evidence or argument as to whether he has exhausted his administrative remedies, which is a threshold statutory requirement. *See* 18 U.S.C. § 3582(c)(1)(A). And even if he has exhausted his administrative remedies, Williams's motion does not present a reason that would warrant a sentence reduction. The reasons Williams identifies in his motion largely pertain to his rehabilitation while in prison, which both Congress and the Commission have expressly excluded from the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t); *USSG* § 1B1.13 cmt. n.3. None of Williams's proffered reasons fits any category articulated in the Sentencing Guidelines. Even if the Court looked beyond the articulated categories, although the reasons Williams proffers are commendable, these reasons are neither extraordinary nor compelling so as to warrant a sentence reduction.

Accordingly, Williams's motion for a sentence reduction under the First Step Act is denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant John Jacob Williams's motion for a reduction of his sentence, (Dkt. 179), is **DENIED**.

Dated: February 10, 2020                                s/Wilhelmina M. Wright
                                                                                                       Wilhelmina M. Wright
                                                                                                        United States District Judge