UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 06-cr-0143 (WMW/FLN) |
| Plaintiff, | **ORDER** |
| v. | |
| John Jacob Williams, | |
| Defendant. | |

---

This matter is before the Court on Defendant John Jacob Williams's pro se motions for compassionate release from custody, (Dkts. 181, 185), and the parties' joint motion to reduce sentence, (Dkt. 191). For the reasons addressed below, the parties' joint motion to reduce sentence is granted.

## BACKGROUND

A jury convicted Defendant John Jacob Williams in July 2007 of three offenses: (1) possessing with the intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii); (2) conspiring to distribute more than 5 kilograms of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (3) possessing a firearm in furtherance of a drug offense, in violation of 18 U.S.C. § 924(c). The Court sentenced Williams to 300 months' imprisonment. Williams currently is serving his sentence at Federal Correctional Institution Elkton (FCI Elkton) and his projected release date is September 3, 2027.

Williams filed a pro se motion for compassionate release in April 2020 and a pro se amended motion for compassionate release in May 2020. The Court appointed the Office of the Federal Defender for the District of Minnesota to represent Williams. On June 5, 2020, Williams and Plaintiff United States of America filed a joint motion to reduce Williams's sentence pursuant to 18 U.S.C. § 3582.

## ANALYSIS

A district court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). A court also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under Section 3582(c)(1)(A) provides that a court may reduce a defendant's term of imprisonment after considering Section 3553(a) factors if it finds that (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The policy statement of the Sentencing Commission defines "extraordinary and compelling reasons"

---

[1] A defendant may move for a sentence reduction only after first exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The record reflects that Williams has satisfied this exhaustion requirement.

as including (1) medical conditions that substantially diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration of physical or mental health, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *Id.* (Application Note 1).

As of June 10, 2020, there *currently* are 438 inmates and 7 staff members at FCI Elkton infected with coronavirus. There have been 9 inmate deaths from coronavirus at FCI Elkton. Williams suffers from conditions that subject him to an elevated risk of serious complications should he contract the coronavirus, including heart disease and obesity. Williams is nearly 50 years old, an age in which the United States Sentencing Commission has found that recidivism rate begins to decline substantially. *United States v. Tucker*, 356 F. Supp. 3d 808, 810 (S.D. Iowa 2019). As to post-sentencing conduct, Williams has completed extensive rehabilitative programming and obtained his GED. The Probation and Pretrial Services Office provided the Court with a report concerning Williams's prison adjustment and did not recommend any amended special conditions of release or note any disciplinary violations during Williams's approximately 14 years of confinement.

In light of the coronavirus pandemic, and after a careful review of Williams's motions, supporting documentation, and the United States's support of a sentence reduction in the parties' joint motion, the Court concludes that extraordinary and compelling reasons warrant an immediate release. Moreover, the Court finds that Williams is not a danger to the safety of any other person or to the community and that a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

3

Accordingly, the parties' joint motion is granted, and Williams's previously imposed sentence of imprisonment is reduced to time served.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The joint motion of Defendant John Jacob Williams and Plaintiff United States of America to reduce sentence, (Dkt. 191), is **GRANTED**.

2. Williams's previously imposed sentence of imprisonment is reduced to time served.

3. The Federal Bureau of Prisons (BOP) shall immediately commence the process of releasing Williams from custody and shall release Williams as soon as his medical condition permits, the release plan approved by the Probation and Pretrial Services Office (Probation Office) is implemented, travel arrangements can be made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed.  The Court leaves it to the discretion of the Probation Office and the BOP to determine whether any quarantine is served in the BOP's custody, a Residential Recovery Center, or in the community.

4. Williams is released to reside with Andre Cox at 5516 West Congress Parkway, Apartment 2, Chicago, Illinois 60644, pursuant to electronic monitoring, voice verification, or other monitoring protocol at the discretion of the Probation Office, and Williams shall be subject to any additional conditions of the release plan approved by the Probation Office,  (Dkt. 190).

5. The Clerk of Court is directed to terminate Williams's pro se motions for compassionate release, (Dkts. 181, 185).

Dated: June 11, 2020                           s/Wilhelmina M. Wright
                                               Wilhelmina M. Wright
                                               United States District Judge